DENNIS ROY HACKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hacker v. Commissioner
Docket No. 15015-92
United States Tax Court
T.C. Memo 1993-285; 1993 Tax Ct. Memo LEXIS 289; 65 T.C.M. (CCH) 3041; June 30, 1993, Filed *289 Decision will be entered for respondent. Dennis Roy Hacker, pro se. For respondent: David Winsten. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case is before the Court on the parties' cross-motions for summary judgment filed with the Court pursuant to Rule 121. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 6,444, plus an addition to tax under section 6653(a) in the amount of $ 322.20. The issue for decision is whether the notice of deficiency was validly issued. This case was called at the trial calendar in Los Angeles, California, on May 10, 1993. Petitioner was given the opportunity to submit evidence on the merits of respondent's determination, but declined to do so, relying entirely on his motion for summary judgment filed on April 27, 1993. Petitioner resided *290 in Ridgecrest, California, at the time of the filing of the petition herein. During 1988, petitioner was employed by McAir Support Services, Inc., and McDonnell Douglas Corp. for which he received wages in the amounts of $ 30,539.21 and $ 21,339.40, respectively. In addition, petitioner received taxable interest and dividend income in the respective amounts of $ 480 and $ 18. Petitioner's adjusted gross income for 1988 was $ 57,447, his taxable income was $ 36,838, and his tax liability was $ 6,446. [2]
Petitioner and his wife filed a joint Federal income tax return for the taxable year 1988 which accurately reported his income and tax liability. Petitioner had made total payments of tax of $ 9,677, and therefore claimed and received a refund of $ 3,331. On or about July 6, 1990, petitioner filed with the Philadelphia Service Center a Form 1040X, Amended U.S. Individual Income Tax Return. Mrs. Hacker's name, Social Security number, and signature did not appear *291 on this document. The Form 1040X claimed a refund of $ 9,824 on the grounds that petitioner was a nonresident alien and did not have income effectively connected with a U.S. trade or business. The Form 1040X also bore the statement on its face "WORKSHEET FOR 1040NR SUBSTITUTE (1988)." Petitioner also filed a Form 1040NR, [3]U.S. Nonresident Alien Income Tax Return, bearing the statement "SUBSTITUTE RETURN NON-RESIDENT ALIEN REVOKING ELECTION TO BE TREATED AS RESIDENT ALIEN". The Form 1040NR claimed a refund of $ 13,057, which amount includes all FICA tax withheld by petitioner's employers. The Philadelphia Service Center wrote to petitioner advising him that the Form 1040X was being disallowed *292 because he did not have an address outside of the United States. Petitioner responded by letter, claiming, in part, that his address, Pt. Mugu, California, was outside the United States, according to his definition of "United States", and stating further that section 7701(b)(1)(B) does not contain an address requirement. Petitioner was subsequently refunded $ 6,444 of income tax. The record does not indicate the amount of the total refund. Subsequently there was a review of petitioner's 1988 returns, and respondent determined that petitioner was not, in fact, a nonresident alien. Thereupon, respondent issued a notice of deficiency to petitioner on April 1, 1992, to recover the erroneous refund. Upon receipt of the notice of deficiency, petitioner, a California resident, filed a petition with the Court in which he alleged that he is a "Sovereign Citizen of the state of California, one of the 'Fifty States' of the Union," and he is "a nonresident alien," "derives no income from any United States Source," and "was not engaged in a trade or business in the United States for year 1988." However, petitioner does not pursue these allegations in his motion for summary judgment. Subsequent *293 to the filing of the petition, petitioner filed a motion for summary judgment on February 9, 1993, in which he alleged that the notice of deficiency issued by respondent was invalid, having been based upon taxable income already reported by petitioner on his 1988 Federal income tax return on which the tax liability had been paid in full. Petitioner also contended that respondent failed to make a determination within the meaning of , revg. . However, petitioner omitted the fact that, subsequent to the filing of a joint income tax return for 1988, he had filed an amended income tax return which resulted in a return of all moneys previously paid and that the notice of deficiency was subsequently issued to recover the erroneous refund. Accordingly, by order dated March 22, 1993, we denied petitioner's first motion for summary judgment. On March 26, 1993, respondent filed a motion for summary judgment alleging that petitioner was not a nonresident alien during 1988, and that due to the filing of frivolous Forms 1040NR and 1040X, claiming nonresident status, *294 the Philadelphia Service Center erroneously abated his 1988 tax liability. On April 27, 1993, petitioner filed an opposition to respondent's motion for summary judgment contending, in a somewhat rambling and convoluted manner, that the notice of deficiency was based on petitioner's original return, which had been superseded by the amended return, and, accordingly, the notice of deficiency was invalid because it failed to give him proper notice as to which return was in dispute. Petitioner also contended that section 6406 prohibited review of respondent's refund of his taxes. Further, petitioner contended that respondent's motion was unfair to Mrs. Hacker. Petitioner also filed a second motion for summary judgment which incorporates all the arguments raised in his opposition to respondent's motion for summary judgment. Rule 121 provides that a party may move for summary judgment upon all or a part of the legal issues in controversy. Summary judgment is appropriate if it is shown that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." . The moving *295 party bears the burden of proving that there is no genuine issue of material fact. . Factual inferences are read in a light most favorable to the party opposing summary judgment. ; . Petitioner does not dispute that he was and is a citizen of the State of California or that he received the amounts upon which the deficiency is based. Moreover, petitioner does not dispute that he filed a Form 1040 and subsequently filed Forms 1040NR and 1040X, and that the taxes previously paid were abated based on such subsequent filing. Rather, petitioner contends that the notice of deficiency was not valid because it was based on his original return, which had been superseded by the amended return. Petitioner's argument is without merit. The filing of an amended return does not invalidate a notice of deficiency based upon the original return. Significantly, the Form 1040X and 1040NR affect and modify the original return, but there is only one tax entity *296 or account for petitioner for 1988. Moreover, petitioner well knew exactly what respondent was challenging. The function of the notice of deficiency is to give fair notice of respondent's determination, and petitioner knew that respondent determined that petitioner was not entitled to the erroneous refund. Secondly, petitioner contends that section 6406 estops respondent from issuing a notice of deficiency once a refund is allowed. Petitioner has misread and misinterpreted section 6406, which provides: SEC. 6406. PROHIBITION OF ADMINISTRATIVE REVIEW OF DECISIONS.
In the absence of fraud or mistake in mathematical calculation, the findings of fact in and the decision of the Secretary upon the merits of any claim presented under or authorized by the internal revenue laws and the allowance or nonallowance by the Secretary of interest on any credit or refund under the internal revenue laws shall not, except as provided in subchapters C and D of chapter 76 (relating to the Tax Court), be subject to review by any other administrative or accounting officer, employee, or agent of the United States.
The legislative history of section 6406 indicates that such section was *297 originally added for the purpose of prohibiting review of a decision of the Secretary of the Treasury (and his delegates, including the Commissioner) by employees of other agencies, such as the Comptroller General. See Hearings on H.R. 8245 Before the Senate Comm. on Finance, 67th Cong., 1st Sess. 299-300 (Sept. 1-Oct. 1, 1921); see also . Clearly, section 6406 does not estop the Commissioner, or his successor, from reviewing his own decisions. See ; see also ; , affg. ; . Furthermore, it is well settled that payment of a refund does not estop the Commissioner from later determining a deficiency in the same year or any other year. Such payment is neither implied nor express approval of the items reported on the return *298 at issue before the Court. ; , affg. ; ; see also , affd. (holding that an abatement by the Commissioner of an assessment previously made does not constitute a binding action which estops respondent from making a determination with respect to the same tax year). Finally, petitioner contends that the notice of deficiency issued in the name of both petitioner and Mrs. Hacker is unfair to Mrs. Hacker, as she did not sign either the Form 1040NR or 1040X which resulted in the refund. As discussed previously, the notice of deficiency was based on the joint Federal income tax return filed by petitioner and Mrs. Hacker, and the subsequent filing of an amended return by petitioner and the resultant erroneous refund do not invalidate the notice of deficiency *299 issued to petitioner and Mrs. Hacker. Moreover, Mrs. Hacker had an opportunity to file a petition with this Court and present evidence on the merits of respondent's determinations. Mrs. Hacker chose not to file a petition with this Court, and therefore is not a party to this action. Accordingly, we will deny petitioner's motion for summary judgment. Furthermore, as petitioner is not contesting the merits of respondent's determination of deficiency and addition to tax, we will grant respondent's motion for summary judgment. Section 6673(a) authorizes the Court to require a taxpayer to pay the United States a penalty not exceeding $ 25,000 when, in its judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. The arguments contained in petitioner's motion for summary judgment are without merit and are clearly frivolous. Petitioner has concocted a scheme for avoiding payment of Federal income taxes by frivolously claiming nonresident alien status, and now tries to avoid liability by relying primarily on his warped sense of fair notice and estoppel. These are precisely the *300 sort of frivolous and groundless contentions addressed by section 6673, which require the time and effort of both respondent and this Court which could otherwise be put to more useful tasks. Therefore, on our motion, we award the United States a penalty of $ 5,000. To reflect the foregoing, Appropriate orders will be issued and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Includes $ 2 for failure to pay estimated tax.↩
3. On his Form 1040NR, petitioner indicated he was a citizen of "America". Moreover, in response to the question on the Form 1040NR which asked: "Give address outside the U.S. to which you want any refund check mailed", he responded "McDonnell Aircraft Co. Att: Dennis R. Hacker P.O. Box 42185 Point Mugu, California."↩